**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DALMA S. EDWARDS,                    :
                                     : Civil Action No. 06-5044 (RBK)
       Plaintiff,                    :
                                     :
       v.                            :   **OPINION**
                                     :
ALLIA J. LEWIS, et al.,              :
                                     :
       Defendants.                   :

**APPEARANCES:**

    DALMA S. EDWARDS, Plaintiff pro se
    #54938-083
    FCI Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

Plaintiff Dalma S. Edwards ("Edwards"), a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), at the time he filed his Complaint, seeks to bring this action in forma pauperis. Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP"). On October 27, 2006, this Court issued an Order denying Edwards' IFP application without prejudice, and administratively terminating the action. The Order also gave plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On November 30, 2006, Edwards submitted a motion to reopen his case, providing a complete IFP application with his six-month prison account statement. It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to reopen this matter, and file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed for failure to state a claim upon which relief may be granted.

I. BACKGROUND

Edwards brings this civil action seeking monetary damages under the Federal Privacy Act, 5 U.S.C. § 552a(g), and Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Complaint, Preliminary Statement). In particular, Edwards alleges that defendants have violated his rights under the Fifth Amendment's Equal Protection Clause. (Id.). The named defendants are: Allia J. Lewis, Housing Unit Manager at FCI Fort Dix; Leslie Harrell; Horace Thompson; and the Federal Bureau of Prisons ("FBOP"). (Compl., Caption).

2

Edwards alleges that the FBOP has failed to maintain an accurate account of his prison record, namely, with respect to plaintiff's Financial Responsibility Program, which has adversely affected plaintiff's custody and classification status, and his prison job and living quarters assignments. It also affects his halfway house placement, and results in restrictions on his commissary spending limit and other privileges.

Edwards relates that, on February 10, 2003, he was sentenced by the United States District Court for the Eastern District of Virginia to serve a term of imprisonment and "to pay a fine of $247,915.23, which was suspended in proportion to the amount of plaintiff's restitution payments and/or recovery by the U.S. government of $247,915.23 in missing funds." (Compl., Facts at ¶ 2).

On December 8, 2003, plaintiff states that the Clerk of the Court for the Eastern District of Virginia received $355,208.12 as restitution from funds seized from plaintiff. Edwards further alleges that the district court issued an Order, on December 19, 2003, stating that the "fine is suspended and uncollectible and; therefore, upon petition of the United States the fine imposed along with any interest that has accrued is remitted." (Compl., Facts at ¶ 5).

Edwards alleges that he brought the December 19, 2003 Order to the attention of his Unit Team, giving them a copy and

requesting that the FBOP correct his records. Plaintiff does not attach a copy of the December 19, 2003 order to his Complaint. Despite the December 19, 2003 Order, the FBOP has continued to require Edwards to pay quarterly installments on the fine under its Inmate Financial Responsibility Program ("IFRP") policy. Edwards was told that he had an outstanding restitution balance. (Compl., Facts at ¶¶ 6-7).[1]

The Complaint further states that, over a period of time, Edwards experienced financial hardship and was without any funds except for his monthly $17.00 payment for prison employment. Edwards explained to his Unit Team why he was unable to keep paying the quarterly installments under the IFRP, and he was placed in IFRP refusal status. Edwards kept questioning his Unit Team as to why he was being denied commissary spending limits and special housing assignments like other inmates. In particular,

---

[1] The Court notes that Edwards has filed three habeas petitions under 28 U.S.C. § 2241 in this district court, challenging his sentence, the period of supervised release, and more recently, the FBOP's decision to limit his transitional Community Corrections Center placement to one month. See Edwards v. Samuels, Civil No. 06-485 (FLW)(dismissed); Edwards v. Samuels, Civil No. 06-1483 (JBS)(dismissed for lack of jurisdiction); and Edwards v. Samuels, Civil No. 06-5785 (RBK)(pending). None of these petitions allege any challenge to the amount of restitution or fines as imposed, or the manner in which they are to be paid. However, in the most recent petition, the record provided by the Government shows that the United States District Court for the Eastern District of Virginia imposed fines in the amount of $247,915.23 and restitution in the amount of $593,892.99.

Edwards questioned the denial of eligibility for halfway house placement pursuant to 18 U.S.C. § 3624(c).[2]

Edwards states that he has sought informal and formal resolution of this matter through the Administrative Remedy provisions (BP-8 through BP-11), but to no avail.[3] Consequently, on or about September 12, 2006, Edwards advised the Unit Team, in writing, that his family will pay the quarterly sum due on his court-ordered financial obligation directly to the district court in the Eastern District of Virginia. He presented receipts as proof of payment to his Unit Team. (Compl., Facts at 16-18). Edwards attaches only one receipt, dated September 19, 2006, to his Complaint.

---

[2] In November 2005, Edwards wrote to his Housing Unit Manager, defendant Allia J. Lewis, asking why his inability to pay $25.00 quarterly under the IFRP made him ineligible for halfway house placement. Lewis responded that "inmates who refuse to participate in the IFRP shall not ordinarily participate in CCC programs," referring to FBOP Program Statement ("PS") 7310.04, Community Correction Center (CCC) utilization and transfers. (Compl., Facts at ¶ 13). As noted above, Edwards has filed a habeas petition under § 2241 challenging the decision to deny him more than one month eligibility in a CCC. This petition is currently pending.

[3] Attachments to Edwards' Complaint tend to dispute that plaintiff has exhausted his administrative remedies. Edwards' BP-9 was rejected because he did not attempt an informal resolution before submitting his BP-9 Administrative Remedy Form. Edwards filed an appeal, but he does not attach any further notices or rejections with respect to his administrative appeal process. Thus, there may be an issue as to whether Edwards has in fact exhausted his administrative remedies before bringing this action.

On October 11, 2006, plaintiff's Unit Team informed him that, regardless of proof of payment by his family, Edwards would be held in IFRP refusal status unless he agrees to enter and sign an agreement to pay the $25.00 quarterly sum through the IFRP at FCI Fort Dix. Edwards was told that if he refused to enter into the contract, he would be recommended to receive only 30 days in a halfway house. Edwards responded by providing the Unit Manager with notice that the FBOP is in violation of the Privacy Act pursuant to 5 U.S.C. § 552a(e)(5) and (6). (Compl., Facts at ¶¶ 19-20).

On October 18, 2006, defendant Lewis responded to Edwards' notice, advising plaintiff that he must enter into a financial contract with the Unit Team even if payments are being made to the court through community resources. Edwards contends that this is contrary to PS 5380.08, which allows for payments to be made from non-institution sources. (Compl., Facts at ¶¶ 21-22).

Edwards asserts that defendants' actions violate his rights under the Fifth Amendment, depriving him of due process and equal protection of law. He claims that he has suffered mental and emotional distress, and made to live in fear of acts of reprisal by defendants.[4] He further complains that his 10%/six month

---

[4] Plaintiff does not articulate the alleged "reprisals". This Court finds that any punitive measures against Edwards are related to his refusal to participate in the IFRP, and are thus constitutional. Any limitations on Edwards' privileges related to IFRP refusal status cannot be considered adverse actions to

transfer date to a halfway house was November 27, 2006, but the IFRP refusal status has prevented his transfer. (Compl., Facts at ¶¶ 23-25).

The Complaint seeks declaratory relief, namely, that the quarterly payments by plaintiff's family directly to the district court be deemed to satisfy plaintiff's IFRP requirement; and that defendants be found to have violated federal law, 5 U.S.C. §§ 552a(d), (e)(5) and (g)(1)(A), (C). Plaintiff also seeks compensatory and punitive damages in excess of $400,000.00.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

---

satisfy a constitutional retaliation claim, if plaintiff is attempting to inartfully assert a retaliation claim here.

plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading

requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III. ANALYSIS

A. Inmate Financial Responsibility Program

The Inmate Financial Responsibility Program ("IFRP") is a work program instituted by the Bureau of Prisons ("BOP") to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). The refusal by an inmate to comply with the provisions of his financial plan may result in the loss of some privileges, including, inter alia, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. 28 C.F.R. § 545.11(d).

B. Bivens Claim

Edwards brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[5] The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Edwards

---

[5] Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government). Therefore, the Complaint is dismissed in its entirety against the named defendant FBOP.

However, a Bivens-type action seeking damages from the remaining defendants is an action against them in their individual capacities only. See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989). Here, Edwards is seeking to recover money damages from federal officials acting in their individual capacities.

Edwards alleges that the individual defendants have violated his rights under the Fifth Amendment, depriving him of due process and equal protection of law. Specifically, he claims that the IFRP refusal status has adversely affected his custody and classification status, his prison job and living quarters assignments, and his commissary spending limit and other privileges. More importantly, it has affected plaintiff's

halfway house placement, restricting Edwards to one month in a halfway house before his release.

   1.  *Due Process Claim*

The Complaint does not articulate any facts to support a due process violation. Consistently, due process challenges to the IFRP have been rejected by most courts. See Weinberger v. United States, 268 F.3d 346, 361, n. 6 (6th Cir. 2001), cert. dismissed, 535 U.S. 967 (2002); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C.Cir. 1992)(rejecting due process claim of inmate who was removed from his work assignment for his refusal to participate in the IFRP); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990)(participation in IFRP does not violate due process because it is reasonably related to a legitimate governmental objective of rehabilitation), cert. denied, 498 U.S. 819 (1990); James v. Quinlan, 866 F.2d 627, 629 (3d Cir.), cert. denied, 493 U.S. 870 (1989). In particular, a federal prisoner, like Edwards, has no cognizable liberty or property interest in any particular prison job assignment, or in being placed or transferred to any particular prison facility, and therefore, Edwards would not be entitled to any due process protections against the threatened loss of any prison job or placement for his failure to comply with the provisions of the IFRP. See Williams v. Farrior, 334 F. Supp.2d 898, 904 (E.D.Va. 2004), aff'd 122 Fed. Appx. 65 (4th Cir.), cert. denied, 126 S.Ct. 260 (2005). Moreover, even

assuming that Edwards does have some protected interest in his placement in a halfway house, enforcement of the IFRP requirements is reasonably related to legitimate penological interests and, therefore, does not violate this interest.  Id. (citing James, 866 F.2d at 630).  Therefore, this claim will be dismissed for failure to state a claim.

    2.  *Equal Protection Claim*

Next, Edwards appears to be arguing that his right to equal protection is being violated because his IFRP refusal status has placed restrictions on his commissary spending limits, special housing assignments, and other privileges, unlike other inmates.  In particular, Edwards states that his eligibility for halfway house placement, pursuant to 18 U.S.C. § 3624(c), has been limited to one month.

To state a claim for an equal protection violation in a prison setting, the inmate must demonstrate "that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination. ...  He must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which, in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not reasonably related to any legitimate penological interests."  Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005)(internal citation, quotation marks, and alterations omitted); see also Wilson v.

Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986). Courts have consistently held that in the absence of a fundamental right or a protected class, equal protection only requires that a regulation which results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest. See McGinnis v. Royster, 410 U.S. 263 (1973); Hodges v. Klein, 562 F.2d 276 (3d Cir. 1977).

Because Edwards has not shown that he has been treated differently than other inmates who have refused to cooperate with the IFRP, and because the IFRP serves the legitimate rehabilitative purpose of promoting inmate financial responsibility, James v. Quinlan, 866 F.2d at 630, plaintiff's claim that the IFRP has caused him to be restricted to one-month placement in a halfway house does not state a violation of his right to equal protection. Accordingly, this claim will be dismissed for failure to state a claim.

C.  Privacy Act Claim

Edwards also asserts that defendants violated the Privacy Act, 5 U.S.C. §§ 552a(d), (e)(5) and (g)(1)(A), (C). The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy ... as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).

14

An individual may bring a civil action against a government agency under the Privacy Act if he can show that the agency used erroneous records, in violation of § 552a(e)(5), to make a determination adverse to the individual. 5 U.S.C. § 552a(g)(1)(C). However, the Privacy Act authorizes the head of certain agencies to promulgate rules exempting any system of records from the "accuracy" requirement of § 552a(e)(5). See 5 U.S.C. § 552a(j). Accordingly, the BOP has exempted IFRP records from the "accuracy" requirement. See System of Records, 67 Fed.Reg. 31371-01 (2002); Implementation, 67 Fed.Reg. 51754-01 (2002)(codified at 28 C.F.R. §§ 16.97(j) and (k)(2003)). See also Williams v. Farrior, 334 F. Supp.2d 898, 905 (E.D.Va. 2004), aff'd 122 Fed. Appx. 65 (4th Cir.), cert. denied, 126 S.Ct. 260 (2005).

Therefore, under this rule, Edwards cannot assert any claim under the Privacy Act against BOP officials regarding the accuracy of his IFRP record. Accordingly, plaintiff's claim under the Privacy Act will be dismissed for failure to state a cognizable claim.

## IV.  CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint in its entirety against the Federal Bureau of Prisons, based on sovereign immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), and against the remaining

defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  An appropriate order follows.

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge

Dated: March 30, 2007